1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
Julian J. Pardini, Esq.  SB# 133878
2   Email: Julian.Pardini@lewisbrisbois.com
Jennifer D. McCrary, Esq.  SB# 238220
3   Email: Jennifer.McCrary@lewisbrisbois.com
333 Bush Street, Suite 1100
4  San Francisco, California 94104-2872
Telephone: 415.362.2580
5  Facsimile:  415.434.0882

6  Attorneys for Defendants
LIG INSURANCE CO., LTD AND LEADING INSURANCE SERVICES, INC.
7

8              UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| 10  KDF HALLMARK, L.P., a California limited partnership, and KDF COMMUNITIES, LLC, a California limited liability company, | CASE NO. _____ |
| 12                  Plaintiffs, | **DEFENDANTS LIG INSURANCE CO., LTD AND LEADING INSURANCE SERVICES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT** |
| 13          v. | |
| 14  LIG INSURANCE CO., LTD., a Korean corporation also known as "Leading Insurance Group Insurance Company, Ltd," and doing business as "Leading Insurance Company (United States Branch)," LEADING INSURANCE SERVICES, INC., a New Jersey corporation and DOES 1 through 20, | |
| 18                  Defendants. | |

19

20  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

21  **DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION:**

22       Defendants LIG INSURANCE CO., LTD., and LEADING INSURANCE SERVICES, INC.

23  (hereinafter "LIG"), file this Notice under the provisions of 28 U.S.C. §§ 1441, 1446, and Federal

24  Rules of Civil Procedure, Rule 81(c).

25          **STATEMENT OF FACTS ENTITLING DEFENDANT TO REMOVAL**

26       **NOW COMES,** Defendant LIG reserving any and all rights, objections, defenses and

27  exceptions, reserving any and all rights, objections, defenses and exceptions, files this Notice of

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Removal pursuant to 28 U.S.C. §§1332, 1441 & 1446, and removes this action to the United States

2   District Court for the Northern District of California, for the following reasons:

3         1.   This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332, and is

4   one which may be removed to this Court by Defendant LIG pursuant to the provisions of 28 U.S.C.

5   §1441(b) in that it is a civil action between citizens or subjects of a foreign county and citizens or

6   subjects of this state, and the amount in controversy as alleged in the complaint may exceed the sum

7   of $75,000, exclusive of interest and costs.

8         2.   Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)

9   and (c), because Plaintiffs are subject to personal jurisdiction in this judicial district and a substantial

10   part of the events giving rise to this lawsuit occurred in this division of the Northern District of

11   California.

12         3.   On February 26, 2015, Plaintiffs KDF Hallmark, L.P. and KDF Communities, LLC

13   (hereinafter "Plaintiffs"), by and through their attorneys of record, Cox Castle & Nicholson, LLP,

14   commenced a civil action in the Superior Court of the State of California in and for the County of San

15   Mateo against Defendants LIG INSURANCE CO., LTD., and LEADING INSURANCE SERVICES,

16   INC., entitled *KDF HALLMARK, L.P., et al. v.  LIG INSURANCE CO., LTD., et al.,* San Mateo

17   County Superior Court Case No. CIV532677.   A true and correct copy of the complaint, without

18   attachments thereto, is attached as **Exhibit A.**

19         4.   Service of summons and complaint of the above-referenced state court action was

20   accomplished upon Yan Supkim, agent for service of process, on March 3, 2015. Thus, the time limit

21   for removal set forth in 28 U.S.C. § 1446(b) has been satisfied.

22         5.   The basis for removal is that Plaintiffs are citizens and residents of the State of

23   California, while Defendant LIG Insurance Co., LTD is a corporation organized and existing under the

24   laws of Korea, and Defendant Leading Insurance Services, Inc., is a corporation organized and

25   existing under the laws of the State of New Jersey in the United States of America.  This Court

26   therefore has original jurisdiction of this action under 28 U.S.C. § 1332 because each Defendant is a

27   citizen or subject of separate foreign country or state and Plaintiffs are citizens of the State of

28   California.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    6.    Plaintiffs' Complaint alleges that they are entitled to recover judgment in an amount

2  that exceeds $75,000, as required for removal pursuant to 49 U.S.C. § 11706.

3    7.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants LIG

4  INSURANCE CO., LTD., and LEADING INSURANCE SERVICES, INC., hereby demand a trial by

5  jury.

6    **WHEREFORE,** LIG respectfully prays that this Notice of Removal be deemed good and

7  sufficient, and that Case No. CIV532677 be removed from the Superior Court of California, County of

8  San Mateo, to the docket of this Honorable Court.

9  Dated: April 2, 2015                                Respectfully submitted,

10                                                     LEWIS BRISBOIS BISGAARD & SMITH LLP

11                                            By:  _/s/ Jennifer D. McCrary_____
                                                   Julian J. Pardini
12                                                 Jennifer D. McCrary
                                                   Attorneys for Defendants
13                                                 LIG INSURANCE CO., LTD AND LEADING
                                                   INSURANCE SERVICES, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

---

4816-3133-1106.2                        3                    USDC-ND, SF CASE NO. _____
DEFENDANT LIG'S NOTICE OF REMOVAL TO FEDERAL COURT

# EXHIBIT A

ORIGINAL

1   Cox, Castle & Nicholson LLP
    Robert D. Infelise (State Bar No 93876)
2   555 California Street, 10th Floor
    San Francisco, California 94104-1513
3   Telephone  (415) 262-5100
    Facsimile·  (415) 262-5199
4   E-mail. rinfelise@coxcastle.com

5   Cox, Castle & Nicholson LLP
    Jeffrey D. Masters (State Bar No. 94112)
6   Patrick M McGovern (State Bar No 208977)
    2049 Century Park East, 28th Floor
7   Los Angeles, California 90067-3284
    Telephone  (310) 277-4222
8   Facsimile·  (310) 277-7889
    E-mail jmasters@coxcastle.com
9   E-mail· pmcgovern@coxcastle com

10   Attorneys for the plaintiffs,
    KDF Hallmark, L P., and KDF Communities, LLC

11

12         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13             **FOR THE COUNTY OF SAN MATEO**

14

15   **KDF HALLMARK, L.P.**, a California limited     Case No. **CIV 532677**
    partnership, and **KDF COMMUNITIES, LLC**, a
16   California limited liability company,

17             Plaintiffs,             **COMPLAINT FOR:**

18   vs                         (i)   **Tortious Breach of the Implied**
                                  **Covenant of Good Faith and Fair**
19   **LIG INSURANCE CO., LTD.**, a Korean          **Dealing**
    corporation also known as "Leading Insurance   (ii)  **Breach of Contract**
20   Group Insurance Company, Ltd ," and doing     (iii) **Declaratory Relief**
    business as "Leading Insurance Company (United
21   States Branch)," **LEADING INSURANCE**
    **SERVICES, INC.**, a New Jersey corporation,
22   and DOES 1 through 20,

23             Defendants

24

25

26

27

28

COMPLAINT FOR BAD FAITH, BREACH OF CONTRACT, DECLARATORY RELIEF, ETC

1   **Allegations:**

2           The plaintiffs allege·

3           1.      The following definitions shall apply throughout

4                   a       "KDF" shall refer collectively to KDF Hallmark, L P , a California

5   limited partnership, and KDF Communities, LLC, a California limited liability company.

6                   b.      "LIG" shall refer collectively to LIG Insurance, Ltd , a Korean

7   corporation, also known as Leading Insurance Group Insurance Company, Ltd , and doing business as

8   "Leading Insurance Company (United States Branch)," and Does 1 through 10.

9                   c       "Services" shall refer collectively to Leading Insurance Services, Inc , a

10  New Jersey corporation, and Does 11 through 20.

11                  d.      The "Property" shall refer to an apartment complex located in Redwood

12  City.

13                  e       The "Policy" shall refer to a written insurance contract, a copy of which

14  is attached to this complaint as Exhibit A and incorporated by reference as though fully set forth,

15  entered into by LIG and KDF Hallmark, L.P., the terms of which provide coverage to KDF Hallmark,

16  L P., and KDF Communities, LLC, for direct physical loss at the Property.

17          2       KDF does not know the identities of Does 1 through 20 at this time

18          3.      With regard to the acts and omissions described in this complaint, the acts and

19  omissions of

20                  a.      Services' agents and employees were authorized and/or ratified by

21  Services and LIG, and

22                  b       LIG's agents and employees were authorized and/or ratified by LIG

23          4       In July 2013, KDF Hallmark, L P , owned the Property, and the Policy was in

24  effect. On July 7, 2013, a physical loss occurred at the Property as a result of a fire having destroyed

25  most of the improvements

26          5.      On July 8, 2013, KDF reported the physical loss at the Property to Services in

27  Services' capacity as LIG's agent

28  ///

**First Cause of Action: Against LIG and Services for Tortious Breach
of the Implied Covenant of Good Faith and Fair Dealing**

6. KDF incorporates by reference paragraphs 1 through 5

7 LIG has breached the Policy by failing to pay the amounts owed to KDF under the terms of the Policy stemming from the fire

8 KDF Hallmark, L P , paid all premiums on the Policy as they became due, and has otherwise satisfied all of its obligations under the Policy, except those excused as a result of LIG's breach

9 LIG and Services tortiously breached the covenant of good faith and fair dealing implied in the Policy by·

    a Failing to adopt and implement reasonable standards for the prompt investigation of KDF's claim,

    b Making unreasonable, expensive and burdensome demands on KDF, including multiple requests for information and documents previously provided to LIG and Services,

    c Otherwise unreasonably delaying their investigation of the physical loss at the Property;

    d Despite adequate time and possession of all relevant information and analysis, failing to conclude their investigation of LIG's obligations under the Policy,

    e Otherwise failing to conduct a thorough, fair and objective investigation of KDF's claim;

    f. Unreasonably withholding payments under the Policy, even though LIG's obligation to make those payments has been apparent since 2013;

    g Conducting their investigation of KDF's claim under a reservation of rights, but never articulating the specific grounds for the reservation, and

10 As part of a scheme to persuade KDF to release its rights under the Policy on terms favorable to LIG, defrauding KDF into entering into a confidentiality agreement to shield LIG and Services' misrepresentation of material facts regarding (i) LIG's regulatory and financial status, and (ii) alleged government-imposed restrictions on LIG's ability to adjust KDF's claim

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO, CA

068130\6383915v10

- 2 -

COMPLAINT FOR BAD FAITH, BREACH OF CONTRACT, DECLARATORY RELIEF, ETC

1         11.    The conduct described in paragraph 9 constitutes part of an overall scheme to

2 reduce the costs of legitimate insurance claims, as well as an illegal pattern and practice so pervasive

3 as to amount to a general unfair and unlawful insurance practice

4         12.    As a proximate cause of LIG and Services' tortious breach of the covenant of

5 good faith and fair dealing implied in the Policy

6           a.    KDF has suffered direct damages, stemming from LIG's failure to pay

7 KDF the amounts owed under the Policy, in excess of this Court's jurisdictional floor that will be

8 proven at trial.

9           b.    To the extent the following actual and potential losses are not covered

10 losses under the Policy, KDF has also suffered, or may suffer prior to trial, special or consequential

11 damages taking the form of

12              i.    Losing the right to future federal tax credits,

13              ii    An obligation to reimburse the U S Treasury for federal tax

14 credits taken in the past;

15              iii.    Penalties and interest imposed by the Internal Revenue Service

16 as a result of having previously taken tax credits that ultimately may be disallowed;

17              iv    Losses incurred in the termination of the Federal National

18 Mortgage Association loan;

19              v    Returning the capital contributed by, and guaranteeing other

20 obligations to, a KDF Hallmark, L P limited partner.

21              vi    The cost of additional security at the Property, and

22              vii    Lost rental income at the Property

23         13    All in an unwavering effort to generate profits for themselves, LIG and Services

24 acted despicably, and with a willful and conscious disregard of KDF's rights under the Policy and the

25 harm that would be inflicted on KDF by LIG's failure to pay KDF the amounts due under the Policy,

26 by, among other things

27 ///

28 ///

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP  068130\6383915v10        - 3 -
SAN FRANCISCO, CA         COMPLAINT FOR BAD FAITH, BREACH OF CONTRACT, DECLARATORY RELIEF, ETC

1      a.     LIG luring KDF into buying the Policy and accepting premiums, but

2   later depriving KDF of the benefits of the Policy even though LIG's obligation to pay substantial

3   benefits to KDF is apparent;

4      b.     Services, acting for itself and as LIG's agent and manager, unreasonably

5   delaying the investigation and adjustment of KDF's claim under the Policy arising out of the physical

6   loss at the Property, and

7      c.     LIG and Services defrauding KDF into signing a confidentiality

8   agreement with the intent to shield themselves from liability while misrepresenting material facts

9   bearing on KDF's willingness to compromise its claim under the Policy

10   **Second Cause of Action: Against LIG for Breach of Contract**

11      14     KDF incorporates by reference paragraphs 1 through 5, and 7 through 9

12      15     As a proximate cause of LIG's breach of the Policy:

13      a.     KDF has suffered direct damages, stemming from LIG's failure to pay

14   KDF the amounts owed under the Policy, in excess of this Court's jurisdictional floor that will be

15   proven at trial

16      b.     To the extent the following actual and potential losses are not covered

17   losses under the Policy, KDF has also suffered, or may suffer prior to trial, special or consequential

18   damages taking the form of

19           i     Losing the right to future federal tax credits,

20           ii     An obligation to reimburse the U S. Treasury for federal tax

21   credits taken in the past,

22           iii.    Penalties and interest imposed by the Internal Revenue Service

23   as a result of having previously taken tax credits that ultimately may be disallowed,

24           iv     Losses incurred in the termination of the Federal National

25   Mortgage Association loan;

26           v.     Returning the capital contributed by, and guaranteeing other

27   obligations to, a KDF Hallmark, L P limited partner;

28           vi     The cost of additional security at the Property, and

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO, CA
068130\6383915v10
- 4 -
COMPLAINT FOR BAD FAITH, BREACH OF CONTRACT, DECLARATORY RELIEF, ETC

1    vii.    Lost rental income at the Property.

2    **Third Cause of Action: Against LIG and Services for Declaratory Relief**

3        16    KDF incorporates by reference paragraphs 1 through 5, 7 and 8.

4        17.    An actual controversy has arisen between KDF, on one hand, and LIG and

5    Services, on the other.

6        a    KDF contends, and LIG and Services deny:

7            i.    That under the Policy KDF is entitled to more than $5,428,538

8    for, among other things, unreimbursed expenses for the "actual cash value" of the building repair cost,

9    additional costs associated with building repairs, losses sustained as a result of business interruption

10    and extra expenses; and

11            ii.    That KDF has sustained, or may sustain, additional damages

12    taking the form of.

13                (1)    Losing the right to future federal tax credits,

14                (2)    An obligation to reimburse the U.S. Treasury for federal

15    tax credits taken in the past;

16                (3)    Penalties and interest imposed by the Internal Revenue

17    Service as a result of having previously taken tax credits that ultimately may be disallowed;

18                (4)    Losses incurred in the termination of the Federal

19    National Mortgage Association loan;

20                (5)    Returning the capital contributed by, and guaranteeing

21    other obligations to, a KDF Hallmark, L.P. limited partner;

22                (6)    The cost of additional security at the Property, and

23                (7)    Lost rental income at the Property

24        b.    LIG and Services apparently contend, and KDF denies, that LIG and

25    Services are not yet in a position to fully adjust KDF's claim, or that KDF is not entitled to the

26    amounts set forth in paragraph 15 Thus, an actual and justiciable controversy exists between KDF, on

27    one hand, and LIG and Services, on the other, concerning the KDF's rights and LIG's obligations

28    under the Policy

1        18     A declaration issued by this Court is necessary to resolve the pending dispute

2  between KDF, on one hand, and LIG and Services, on the other  Absent a decree, KDF may sustain

3  irreparable and irreversible damage

4  **Request for Relief:**

5          **Cause of Action No. 1:**

6          A judgment against LIG, Services and Does 1 through 20, jointly and severally, for

7          1     Direct and special damages in an amount within this Court's jurisdiction to

8  award that will be proven at trial;

9          2     Exemplary damages in an amount sufficient to punish and deter LIG, Services

10  and Does 1 through 20 from engaging in similar conduct in the future, and

11          3     Reasonable attorneys' fees

12          **Cause of Action No. 2:**

13          A judgment against LIG and Does 1 through 10, jointly and severally, for direct and

14  special damages in an amount within this Court's jurisdiction to award that will be proven at trial.

15          **Cause of Action No. 3:**

16          A decree that KDF is entitled to receive and LIG is obligated to pay

17          1     More than $5,428,538 for, among other things, unreimbursed expenses for the

18  "actual cash value" of the building repair cost, additional costs associated with building repairs, losses

19  sustained as a result of business interruption and extra expenses, and

20          2     Additional damages that KDF has incurred, or will incur, taking the form of.

21             a     Losing the right to future federal tax credits,

22             b.    An obligation to reimburse the U S  Treasury for federal tax credits

23  taken in the past,

24             c     Penalties and interest imposed by the Internal Revenue Service as a

25  result of having previously taken tax credits that ultimately may be disallowed,

26             d.    Losses incurred in the termination of the Federal National Mortgage

27  Association loan,

28  ///

1          e          Returning the capital contributed by, and guaranteeing other obligations

2    to, a KDF Hallmark, L P limited partner;

3                    f.          The cost of additional security at the Property, and

4                    g.          Lost rental income at the Property

5                    h          Reasonable attorneys' fees.

6          **All Causes of Action:**

7          1          The costs incurred in prosecuting this action, and

8          2          Any other relief deemed appropriate by this Court

9

10

11   February /8, 2015                              Cox, Castle & Nicholson LLP

12

13                                                 By _____

14                                                 Robert D Infelise
                                                   Attorneys for the plaintiffs,
15                                                 KDF Hallmark, L P , and KDF Communities, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

# ATTACHMENT

1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   Julian J. Pardini, Esq. SB# 133878
2     Email: Julian.Pardini@lewisbrisbois.com
   Jennifer D. McCrary, Esq. SB# 238220
3     Email: Jennifer.McCrary@lewisbrisbois.com
   333 Bush Street, Suite 1100
4  San Francisco, California 94104-2872
   Telephone: 415.362.2580
5  Facsimile: 415.434.0882

6  Attorneys for Defendants
   LIG INSURANCE CO., LTD AND
7  LEADING INSURANCE SERVICES, INC.

8                     SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                               COUNTY OF SAN MATEO

10

11  KDF HALLMARK, L.P, a California limited       CASE NO. CIV532677
    partnership, and KDF COMMUNITIES, LLC, a
12  California limited liability company,          **DEFENDANTS LIG INSURANCE CO., LTD.
                                                   AND LEADING INSURANCE SERVICES,
13               Plaintiffs,                       INC.'S NOTICE TO STATE COURT OF
                                                   REMOVAL TO FEDERAL COURT**
14          v.

15  LIG INSURANCE CO., LTD., a Korean             Action Filed:    February 26, 2015
    corporation also known as "Leading Insurance  Trial Date:      None Set
16  Group Insurance Company, Ltd," and doing
    business as "Leading Insurance Company
17  (United    States    Branch),"    LEADING
    INSURANCE SERVICES, INC., a New Jersey
18  corporation and DOES 1 through 20,

19               Defendants.

20

21  **TO THE CLERK OF THE SUPERIOR COURT OF THE COUNTY OF SAN MATEO:**

22          **PLEASE TAKE NOTICE** under the provisions of 28 U.S.C. § 1446(d) that on April 2, 2015,

23  Defendants LIG INSURANCE CO., LTD., and LEADING INSURANCE SERVICES, INC.

24  (hereinafter "LIG"), filed with the Clerk of the Court at the United States Courthouse, Northern

25  District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco,

26  California, 94102, the attached Notice of Removal to Federal Court and supporting papers to

27  accomplish the removal of the action pending in the Superior Court of the State of California in and

28  for the County of San Mateo, entitled *KDF Hallmark, L.P., et al. v. LIG Insurance Co., LTD, et al.,*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-6705-5650.1                                          1
        DEFENDANT LIG'S NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT

1   Case No. CIV532677, commenced on February 26, 2015, to the United States District Court for the

2   Northern District of California, San Francisco Division.  Under 28 U.S.C. §§1441 and 1446, and

3   Federal Rules of Civil Procedure, Rule 81(c), this action now will be placed on the docket of the

4   aforementioned District Court for all further proceedings.

5       Dated: April 2, 2015                           Respectfully submitted,

6                                                   LEWIS BRISBOIS BISGAARD & SMITH LLP

7                                                   By:

8                                                   Julian J. Pardini
                                                    Jennifer D. McCrary
9                                                   Attorneys for Defendants
                                                    LIG INSURANCE CO., LTD AND LEADING
10                                                  INSURANCE SERVICES, INC.

DEFENDANT LIG'S NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**ATTACHMENT**

| | |
|---|---|
| 1 | **LEWIS BRISBOIS BISGAARD & SMITH** LLP<br>Julian J. Pardini, Esq. SB# 133878 |
| 2 | Email: Julian.Pardini@lewisbrisbois.com<br>Jennifer D. McCrary, Esq. SB# 238220 |
| 3 | Email: Jennifer.McCrary@lewisbrisbois.com<br>333 Bush Street, Suite 1100 |
| 4 | San Francisco, California 94104-2872<br>Telephone: 415.362.2580 |
| 5 | Facsimile: 415.434.0882 |
| 6 | Attorneys for Defendants |
| 7 | LIG INSURANCE CO., LTD AND LEADING INSURANCE SERVICES, INC. |

8    UNITED STATES DISTRICT COURT

9    NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 10 | KDF HALLMARK, L.P, a California limited partnership, and KDF COMMUNITIES, LLC, a | CASE NO. |
| 11 | California limited liability company, | **DEFENDANTS LIG INSURANCE CO., LTD** |
| 12 | Plaintiffs, | **AND LEADING INSURANCE SERVICES, INC.'S NOTICE OF REMOVAL TO** |
| 13 | v. | **FEDERAL COURT** |
| 14 | LIG INSURANCE CO., LTD., a Korean corporation also known as "Leading Insurance | |
| 15 | Group Insurance Company, Ltd," and doing business as "Leading Insurance Company | |
| 16 | (United States Branch)," LEADING INSURANCE SERVICES, INC., a New Jersey | |
| 17 | corporation and DOES 1 through 20, | |
| 18 | Defendants. | |

| | |
|---|---|
| 19 | |
| 20 | **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN** |
| 21 | **DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION:** |
| 22 | Defendants LIG INSURANCE CO., LTD., and LEADING INSURANCE SERVICES, INC. |
| 23 | (hereinafter "LIG"), file this Notice under the provisions of 28 U.S.C. §§ 1441, 1446, and Federal |
| 24 | Rules of Civil Procedure, Rule 81(c). |
| 25 | <u>STATEMENT OF FACTS ENTITLING DEFENDANT TO REMOVAL</u> |
| 26 | **NOW COMES,** Defendant LIG reserving any and all rights, objections, defenses and |
| 27 | exceptions, reserving any and all rights, objections, defenses and exceptions, files this Notice of |
| 28 | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Removal pursuant to 28 U.S.C. §§1332, 1441 & 1446, and removes this action to the United States

2  District Court for the Northern District of California, for the following reasons:

3      1.      This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332, and is

4  one which may be removed to this Court by Defendant LIG pursuant to the provisions of 28 U.S.C.

5  §1441(b) in that it is a civil action between citizens or subjects of a foreign county and citizens or

6  subjects of this state, and the amount in controversy as alleged in the complaint may exceed the sum

7  of $75,000, exclusive of interest and costs.

8      2.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)

9  and (c), because Plaintiffs are subject to personal jurisdiction in this judicial district and a substantial

10  part of the events giving rise to this lawsuit occurred in this division of the Northern District of

11  California.

12      3.      On February 26, 2015, Plaintiffs KDF Hallmark, L.P. and KDF Communities, LLC

13  (hereinafter "Plaintiffs"), by and through their attorneys of record, Cox Castle & Nicholson, LLP,

14  commenced a civil action in the Superior Court of the State of California in and for the County of San

15  Mateo against Defendants LIG INSURANCE CO., LTD., and LEADING INSURANCE SERVICES,

16  INC., entitled *KDF HALLMARK, L.P., et al. v. LIG INSURANCE CO., LTD., et al.,* San Mateo

17  County Superior Court Case No. CIV532677.   A true and correct copy of the complaint, without

18  attachments thereto, is attached as **Exhibit A.**

19      4.      Service of summons and complaint of the above-referenced state court action was

20  accomplished upon Yan Supkim, agent for service of process, on March 3, 2015. Thus, the time limit

21  for removal set forth in 28 U.S.C. § 1446(b) has been satisfied.

22      5.      The basis for removal is that Plaintiffs are citizens and residents of the State of

23  California, while Defendant LIG Insurance Co., LTD is a corporation organized and existing under the

24  laws of Korea, and Defendant Leading Insurance Services, Inc., is a corporation organized and

25  existing under the laws of the State of New Jersey in the United States of America.  This Court

26  therefore has original jurisdiction of this action under 28 U.S.C. § 1332 because each Defendant is a

27  citizen or subject of separate foreign country or state and Plaintiffs are citizens of the State of

28  California.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4816-3133-1106.2                                    2                          USDC-ND, SF CASE NO.
DEFENDANT LIG'S NOTICE OF REMOVAL TO FEDERAL COURT

6.    Plaintiffs' Complaint alleges that they are entitled to recover judgment in an amount that exceeds $75,000, as required for removal pursuant to 49 U.S.C. § 11706.

7.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants LIG INSURANCE CO., LTD., and LEADING INSURANCE SERVICES, INC., hereby demand a trial by jury.

**WHEREFORE,** LIG respectfully prays that this Notice of Removal be deemed good and sufficient, and that Case No. CIV532677 be removed from the Superior Court of California, County of San Mateo, to the docket of this Honorable Court.

Dated: April 2, 2015

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  */s/ Jennifer D. McCrary*
Julian J. Pardini
Jennifer D. McCrary
Attorneys for Defendants
LIG INSURANCE CO., LTD AND LEADING INSURANCE SERVICES, INC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW



ORIGINAL

1 | Cox, Castle & Nicholson LLP
  | Robert D. Infelise (State Bar No 93876)
2 | 555 California Street, 10th Floor
  | San Francisco, California 94104-1513
3 | Telephone (415) 262-5100
  | Facsimile (415) 262-5199
4 | E-mail rinfelise@coxcastle.com

5 | Cox, Castle & Nicholson LLP
  | Jeffrey D. Masters (State Bar No. 94112)
6 | Patrick M McGovern (State Bar No 208977)
  | 2049 Century Park East, 28th Floor
7 | Los Angeles, California 90067-3284
  | Telephone (310) 277-4222
8 | Facsimile (310) 277-7889
  | E-mail jmasters@coxcastle.com
9 | E-mail pmcgovern@coxcastle com

10 | Attorneys for the plaintiffs,
   | KDF Hallmark, L P., and KDF Communities, LLC

11

12 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

13 | FOR THE COUNTY OF SAN MATEO

14

15 | **KDF HALLMARK, L.P.**, a California limited | Case No. CIV 532677
   | partnership, and **KDF COMMUNITIES, LLC**, a |
16 | California limited liability company, |
   |                                              | **COMPLAINT FOR:**
17 |                      Plaintiffs, |
   |                                              | (i)  Tortious Breach of the Implied
18 | vs |                                               Covenant of Good Faith and Fair
   |                                              |      Dealing
19 | **LIG INSURANCE CO., LTD.**, a Korean |     (ii) Breach of Contract
   | corporation also known as "Leading Insurance | (iii) Declaratory Relief
20 | Group Insurance Company, Ltd ," and doing |
   | business as "Leading Insurance Company (United |
21 | States Branch)," **LEADING INSURANCE** |
   | **SERVICES, INC.**, a New Jersey corporation, |
22 | and DOES 1 through 20, |
   |
23 |                      Defendants |

24

25

26

27

28

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP      068130\6383915v10
SAN FRANCISCO, CA

COMPLAINT FOR BAD FAITH, BREACH OF CONTRACT, DECLARATORY RELIEF, ETC

**Allegations:**

The plaintiffs allege

1.    The following definitions shall apply throughout

    a    "KDF" shall refer collectively to KDF Hallmark, L P , a California limited partnership, and KDF Communities, LLC, a California limited liability company.

    b.    "LIG" shall refer collectively to LIG Insurance, Ltd , a Korean corporation, also known as Leading Insurance Group Insurance Company, Ltd , and doing business as "Leading Insurance Company (United States Branch)," and Does 1 through 10.

    c    "Services" shall refer collectively to Leading Insurance Services, Inc , a New Jersey corporation, and Does 11 through 20.

    d.    The "Property" shall refer to an apartment complex located in Redwood City.

    e    The "Policy" shall refer to a written insurance contract, a copy of which is attached to this complaint as Exhibit A and incorporated by reference as though fully set forth, entered into by LIG and KDF Hallmark, L.P., the terms of which provide coverage to KDF Hallmark, L P., and KDF Communities, LLC, for direct physical loss at the Property.

2    KDF does not know the identities of Does 1 through 20 at this time

3.    With regard to the acts and omissions described in this complaint, the acts and omissions of

    a.    Services' agents and employees were authorized and/or ratified by Services and LIG, and

    b    LIG's agents and employees were authorized and/or ratified by LIG

4    In July 2013, KDF Hallmark, L P , owned the Property, and the Policy was in effect. On July 7, 2013, a physical loss occurred at the Property as a result of a fire having destroyed most of the improvements

5.    On July 8, 2013, KDF reported the physical loss at the Property to Services in Services' capacity as LIG's agent

///

**First Cause of Action: Against LIG and Services for Tortious Breach
of the Implied Covenant of Good Faith and Fair Dealing**

6.     KDF incorporates by reference paragraphs 1 through 5

7     LIG has breached the Policy by failing to pay the amounts owed to KDF under the terms of the Policy stemming from the fire

8     KDF Hallmark, L P , paid all premiums on the Policy as they became due, and has otherwise satisfied all of its obligations under the Policy, except those excused as a result of LIG's breach

9     LIG and Services tortiously breached the covenant of good faith and fair dealing implied in the Policy by·

    a     Failing to adopt and implement reasonable standards for the prompt investigation of KDF's claim,

    b     Making unreasonable, expensive and burdensome demands on KDF, including multiple requests for information and documents previously provided to LIG and Services,

    c     Otherwise unreasonably delaying their investigation of the physical loss at the Property;

    d     Despite adequate time and possession of all relevant information and analysis, failing to conclude their investigation of LIG's obligations under the Policy,

    e     Otherwise failing to conduct a thorough, fair and objective investigation of KDF's claim;

    f.     Unreasonably withholding payments under the Policy, even though LIG's obligation to make those payments has been apparent since 2013;

    g     Conducting their investigation of KDF's claim under a reservation of rights, but never articulating the specific grounds for the reservation, and

10     As part of a scheme to persuade KDF to release its rights under the Policy on terms favorable to LIG, defrauding KDF into entering into a confidentiality agreement to shield LIG and Services' misrepresentation of material facts regarding (i) LIG's regulatory and financial status, and (ii) alleged government-imposed restrictions on LIG's ability to adjust KDF's claim

1       11.   The conduct described in paragraph 9 constitutes part of an overall scheme to

2   reduce the costs of legitimate insurance claims, as well as an illegal pattern and practice so pervasive

3   as to amount to a general unfair and unlawful insurance practice

4       12.   As a proximate cause of LIG and Services' tortious breach of the covenant of

5   good faith and fair dealing implied in the Policy

6          a.   KDF has suffered direct damages, stemming from LIG's failure to pay

7   KDF the amounts owed under the Policy, in excess of this Court's jurisdictional floor that will be

8   proven at trial.

9          b.   To the extent the following actual and potential losses are not covered

10   losses under the Policy, KDF has also suffered, or may suffer prior to trial, special or consequential

11   damages taking the form of

12            i.   Losing the right to future federal tax credits,

13            ii   An obligation to reimburse the U S Treasury for federal tax

14   credits taken in the past;

15           iii.   Penalties and interest imposed by the Internal Revenue Service

16   as a result of having previously taken tax credits that ultimately may be disallowed;

17            iv   Losses incurred in the termination of the Federal National

18   Mortgage Association loan;

19            v   Returning the capital contributed by, and guaranteeing other

20   obligations to, a KDF Hallmark, L P limited partner,

21           vi   The cost of additional security at the Property, and

22           vii   Lost rental income at the Property

23       13   All in an unwavering effort to generate profits for themselves, LIG and Services

24   acted despicably, and with a willful and conscious disregard of KDF's rights under the Policy and the

25   harm that would be inflicted on KDF by LIG's failure to pay KDF the amounts due under the Policy,

26   by, among other things

27   ///

28   ///

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO, CA

0681300638391Sv10                       - 3 -

            COMPLAINT FOR BAD FAITH, BREACH OF CONTRACT, DECLARATORY RELIEF, ETC

1          a.     LIG luring KDF into buying the Policy and accepting premiums, but

2 later depriving KDF of the benefits of the Policy even though LIG's obligation to pay substantial

3 benefits to KDF is apparent;

4          b.     Services, acting for itself and as LIG's agent and manager, unreasonably

5 delaying the investigation and adjustment of KDF's claim under the Policy arising out of the physical

6 loss at the Property; and

7          c.     LIG and Services defrauding KDF into signing a confidentiality

8 agreement with the intent to shield themselves from liability while misrepresenting material facts

9 bearing on KDF's willingness to compromise its claim under the Policy

10            **Second Cause of Action: Against LIG for Breach of Contract**

11       14     KDF incorporates by reference paragraphs 1 through 5, and 7 through 9

12       15     As a proximate cause of LIG's breach of the Policy:

13          a.     KDF has suffered direct damages, stemming from LIG's failure to pay

14 KDF the amounts owed under the Policy, in excess of this Court's jurisdictional floor that will be

15 proven at trial

16          b.     To the extent the following actual and potential losses are not covered

17 losses under the Policy, KDF has also suffered, or may suffer prior to trial, special or consequential

18 damages taking the form of

19              i     Losing the right to future federal tax credits,

20              ii     An obligation to reimburse the U.S. Treasury for federal tax

21 credits taken in the past,

22             iii.     Penalties and interest imposed by the Internal Revenue Service

23 as a result of having previously taken tax credits that ultimately may be disallowed,

24             iv     Losses incurred in the termination of the Federal National

25 Mortgage Association loan;

26             v.     Returning the capital contributed by, and guaranteeing other

27 obligations to, a KDF Hallmark, L P limited partner;

28             vi     The cost of additional security at the Property; and

1          vii.    Lost rental income at the Property.

2          **Third Cause of Action: Against LIG and Services for Declaratory Relief**

3          16      KDF incorporates by reference paragraphs 1 through 5, 7 and 8.

4          17.     An actual controversy has arisen between KDF, on one hand, and LIG and

5    Services, on the other.

6                  a       KDF contends, and LIG and Services deny:

7                          i.      That under the Policy KDF is entitled to more than $5,428,538

8    for, among other things, unreimbursed expenses for the "actual cash value" of the building repair cost,

9    additional costs associated with building repairs, losses sustained as a result of business interruption

10   and extra expenses; and

11                         ii.     That KDF has sustained, or may sustain, additional damages

12   taking the form of:

13                                 (1)     Losing the right to future federal tax credits,

14                                 (2)     An obligation to reimburse the U.S. Treasury for federal

15   tax credits taken in the past;

16                                 (3)     Penalties and interest imposed by the Internal Revenue

17   Service as a result of having previously taken tax credits that ultimately may be disallowed;

18                                 (4)     Losses incurred in the termination of the Federal

19   National Mortgage Association loan;

20                                 (5)     Returning the capital contributed by, and guaranteeing

21   other obligations to, a KDF Hallmark, L.P. limited partner;

22                                 (6)     The cost of additional security at the Property, and

23                                 (7)     Lost rental income at the Property

24                 b.      LIG and Services apparently contend, and KDF denies, that LIG and

25   Services are not yet in a position to fully adjust KDF's claim, or that KDF is not entitled to the

26   amounts set forth in paragraph 15  Thus, an actual and justiciable controversy exists between KDF, on

27   one hand, and LIG and Services, on the other, concerning the KDF's rights and LIG's obligations

28   under the Policy

18      A declaration issued by this Court is necessary to resolve the pending dispute between KDF, on one hand, and LIG and Services, on the other. Absent a decree, KDF may sustain irreparable and irreversible damage.

**Request for Relief:**

**Cause of Action No. 1:**

A judgment against LIG, Services and Does 1 through 20, jointly and severally, for:

1       Direct and special damages in an amount within this Court's jurisdiction to award that will be proven at trial;

2       Exemplary damages in an amount sufficient to punish and deter LIG, Services and Does 1 through 20 from engaging in similar conduct in the future; and

3       Reasonable attorneys' fees.

**Cause of Action No. 2:**

A judgment against LIG and Does 1 through 10, jointly and severally, for direct and special damages in an amount within this Court's jurisdiction to award that will be proven at trial.

**Cause of Action No. 3:**

A decree that KDF is entitled to receive and LIG is obligated to pay:

1       More than $5,428,538 for, among other things, unreimbursed expenses for the "actual cash value" of the building repair cost, additional costs associated with building repairs, losses sustained as a result of business interruption and extra expenses; and

2       Additional damages that KDF has incurred, or will incur, taking the form of:

        a       Losing the right to future federal tax credits;

        b.      An obligation to reimburse the U S Treasury for federal tax credits taken in the past;

        c       Penalties and interest imposed by the Internal Revenue Service as a result of having previously taken tax credits that ultimately may be disallowed;

        d.      Losses incurred in the termination of the Federal National Mortgage Association loan;

///

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO, CA

0681306383915v10                    -6-

COMPLAINT FOR BAD FAITH, BREACH OF CONTRACT, DECLARATORY RELIEF, ETC

1                 e      Returning the capital contributed by, and guaranteeing other obligations

2 to, a KDF Hallmark, L P limited partner;

3                 f.     The cost of additional security at the Property, and

4                 g.     Lost rental income at the Property

5                 h.     Reasonable attorneys' fees.

6      **All Causes of Action:**

7         1      The costs incurred in prosecuting this action, and

8         2      Any other relief deemed appropriate by this Court

9

10

11 February 18, 2015                      Cox, Castle & Nicholson LLP

12

13                                 By

14                                       Robert D Infelise

                                      Attorneys for the plaintiffs,

15                                       KDF Hallmark, L P , and KDF Communities, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO, CA    068130\6383915v10                   - 7 -
                           COMPLAINT FOR BAD FAITH, BREACH OF CONTRACT, DECLARATORY RELIEF, ETC

**CERTIFICATE OF SERVICE**
*KDF Hallmark, L.P., et al. v. LIG Insurance Co., LTD, et al.*
USDC – Northern District, San Francisco Division Case No. _____

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On April 2, 2015, I served the following document:

**DEFENDANTS LIG INSURANCE CO., LTD AND LEADING INSURANCE SERVICES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**

I served the document on the following persons at the following addresses (including fax numbers and email addresses, if applicable):

| | |
|---|---|
| Robert D. Infelise, Esq.<br>Cox, Castle & Nicholson LLP<br>555 California Street, 10th Floor<br>San Francisco, CA 94104-1513<br>Tel: 415.262.5100<br>Fax: 415.262.5199<br>Email: rinfelise@coxcastle.com<br>*Attorneys for Plaintiffs* | Jeffrey D. Masters, Esq.<br>Patrick M. McGovern, Esq.<br>2049 Century Park East, 28th Floor<br>Los Angeles, CA 90067-3284<br>Tel: 310.277.4222<br>Fax: 310.277.7889<br>Email: jmasters@coxcastle.com<br>    pmcgovern@coxcastle.com<br>*Attorneys for Plaintiffs* |

The document was served by the following means:

☒ **(BY U.S. MAIL)** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: April 2, 2015                */s/ Jessica Libbey*
                                       Jessica Libbey

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW