UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KDF HALLMARK, L.P., et al.,

    Plaintiffs,

v.

LIG INSURANCE CO., et al.,

    Defendants.
_____/

Case No. 15-cv-01519 EDL

CASE MANAGEMENT AND PRETRIAL ORDER FOR COURT TRIAL

Following the Case Management Conference held on July 7, 2015, IT IS HEREBY ORDERED THAT pursuant to Fed. R. Civ. P. 16, the following case management and pretrial order is entered:

1.    TRIAL DATE

    a.    Court trial shall begin on August 8, 2016 at 8:30 a.m. in Courtroom E, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. Should a daily transcript and/or realtime reporting be desired, the parties shall make arrangements with Debra Campbell, Court Reporter Supervisor, at (415) 522-2079 or Debra_Campbell@cand.uscourts.gov, at least 14 days prior to the trial date.

    b.    The length of the trial will be not more than 5 days.

2.    DISCOVERY

    a.    All non-expert discovery shall be completed no later than March 8, 2016. There will be no further non-expert discovery after that date except by order of the Court for good cause shown. Motions to compel non-expert discovery must be filed within the time limits contained in Civil Local Rule 37-3.

b.  Initial expert disclosures shall be made no later than March 17, 2016. Rebuttal expert disclosures shall be made no later than April 15, 2016. All treating physicians who will provide opinion testimony beyond that which can be provided by a lay person must be disclosed as expert witnesses, but they need not prepare expert reports unless ordered to do so by the Court.

c.  All expert discovery shall be completed no later than May 16, 2016. There will be no further expert discovery after that date except by order of the Court for good cause shown. Motions to compel expert discovery must be filed within the time limits contained in Civil Local Rule 37-3.

d.  Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct their initial disclosures, expert disclosures, pretrial disclosures, and responses to discovery requests under the circumstances itemized in that Rule, and when ordered by the Court. The Court expects that the parties will supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel. **In addition to the general requirements of Rule 26(e)(1), the parties will supplement and/or correct all previously made disclosures and discovery responses 28 days before the fact discovery cutoff date.**

e.  Pursuant to Civil L.R. 37-1(b), telephone conferences are available to resolve disputes during a discovery event, such as a deposition, where the resolution during the event likely would result in substantial savings of expense or time.

f.  **Privilege logs.** If a party withholds information that is responsive to a discovery request, and is otherwise discoverable under the Federal Rules of Civil Procedure, by claiming that it is privileged, or protected from discovery under the attorney work product doctrine or any other protective doctrine (including, but not limited to, privacy rights), that party shall prepare a "privilege log" (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying separately for each document or for each category of similarly situated documents:

    1.  The name and job title or capacity of the author;

    2.  The name and job title or capacity of each recipient;

    3.  The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

4. The title and description of the document;

5. The subject matter addressed in the document;

6. The purpose(s) for which it was prepared or communicated; and

7. The specific basis for the claim that it is privileged.

The privilege log will be produced as quickly as possible, but no later than 14 days after the discovery responses are due (in a rolling production, 14 days after each set of documents is produced), unless the parties stipulate or the Court orders otherwise in a particular case.

g. In responding to requests for documents and materials under Rule 34 of the Federal Rules of Civil Procedure, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist.

3. MOTIONS

The last day to file a motion, or stipulation and proposed order, to join other parties shall be August 7, 2015.

The last day to file a motion, or stipulation and proposed order, to amend the pleadings shall be August 7, 2015.

The last day for hearing dispositive motions shall be April 26, 2016. Dispositive motions shall be served and filed no later than **thirty-five (35)** days prior to the scheduled hearing date. Briefing shall be in compliance with Civil Local Rule 7-3.

4. ALTERNATIVE DISPUTE RESOLUTION/SETTLEMENT CONFERENCE

Mediation shall take place at the end of July 2015.

5. PRETRIAL CONFERENCE

a. A pretrial conference shall be held on July 19, 2016 at 2:00 p.m. in Courtroom E, 15th Floor. **Each party shall attend personally or by lead counsel who will try the case.** The timing of disclosures required by Federal Rule of Civil Procedure 26(a)(3) and other pretrial disclosures shall be governed by this order.

b. **At least thirty (30) days** prior to the date of the pretrial conference, lead counsel shall meet and confer regarding:

    (1) Preparation and content of the joint pretrial conference statement;

    (2) Preparation and exchange of pretrial materials to be served and lodged pursuant to paragraph 5(c) below; and

    (3) Settlement of the action.

c. **At least twenty (20) days** prior to the pretrial conference, counsel and/or parties shall:

    (1) Serve and file a joint pretrial statement that includes the pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3) as well as the following supplemental information:

        (a) *The Action.*

            (i) <u>Substance of the Action.</u>  A brief description of the substance of claims and defenses which remain to be decided.

            (ii) <u>Relief Prayed.</u>  A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

        (b) *The Factual Basis of the Action.*

            (i) <u>Undisputed Facts.</u>  A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

            (ii) <u>Disputed Factual Issues.</u>  A plain and concise statement of all disputed factual issues which remain to be decided.

            (iii) <u>Agreed Statement.</u>  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

            (iv) <u>Stipulations.</u>  A statement of stipulations requested or proposed for pretrial or trial purposes.

4

    (c)    *Disputed Legal Issues.*

            Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions, and any procedural or evidentiary issues.

    (d)    *Trial Preparation.*

        (i)    <u>Witnesses to Be Called.</u>  With regard to witnesses disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3)(A), a brief statement describing the substance of the testimony to be given.

        (ii)    <u>Estimate of Trial Time.</u>  An estimate of the number of hours needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

        (iii)    <u>Use of Discovery Responses.</u>  Designate excerpts from discovery that the parties intend to present at trial, other than solely for impeachment or rebuttal, from depositions specifying the witness page and line references, from interrogatory answers, or from responses to requests for admission.

    (e)    *Trial Alternatives and Options.*

        (i)    <u>Settlement Discussion.</u>  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

        (ii)    <u>Amendments, Dismissals.</u>  A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

        (iii)    <u>Bifurcation, Separate Trial of Issues.</u>  A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

    (f)    *Miscellaneous.*

>                Any other subjects relevant to the trial of the action or material to its just, speedy and inexpensive determination.
>
> (2) Serve and file trial briefs, motions <u>in limine</u> (including any motion regarding the qualifications or testimony of any expert witness), excerpts from discovery that will be offered at trial (including a copy of the deposition testimony or admission), and **joint** proposed findings of fact and conclusions of law. The findings of fact shall set forth in simple, declarative sentences, separately numbered, all factual contentions relied upon by the party in support of its claims for relief and shall be free of pejorative language and argument. Counsel shall submit separately their disputed findings of fact and conclusions of law. Counsel shall deliver to chambers a copy of their proposed findings of fact and conclusions of law on a computer diskette compatible with WordPerfect 6.1, 7, 8, 9 or 10 or 8.0 for Windows.
>
> (3) Serve and file an exhibit setting forth the qualifications and experience for each expert witness;
>
> (4) Serve and file a list of each party's exhibits by numbers 1-500 (plaintiff) or numbers 750-1250 (defendant), including a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness;
>
> (5) Exchange exhibits which shall be <u>prepared</u> (plaintiff shall use numbers 1-500; defendant shall use numbers 750-1250) and <u>tabbed</u>. Exhibits shall be three-hole punched and shall be submitted in binders. Each exhibit shall be marked on the front page or on the back of the last page with the information contained in Exhibit A to this Order; and
>
> (6) The two sets of premarked exhibits shall be for Court use only. The parties shall bring a third set of their trial exhibits to trial to present to witnesses.

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed in its pretrial statement, exchanged with opposing counsel, and delivered to the Court, by the above deadline, without leave of the Court and for good cause.

6

      d.  **At least ten (10) days** prior to the pretrial conference, after meeting and conferring in a good faith attempt to resolve any objections, counsel and/or parties shall serve and file: (1) any objections to exhibits or to use of deposition excerpts or other discovery; (2) any objections to non-expert witnesses; (3) any opposition to a motion in limine.  No replies shall be filed.

      e.  All motions in limine and objections shall be heard at the pretrial conference.

6.  All documents filed with the Clerk of the Court shall list the civil case number followed only by the initials "**EDL**."  One copy must be clearly marked as a **chambers** copy.  Chambers' copies shall be three-hole punched at the left side, suitable for insertion into standard binders.  In addition, all motions in limine, trial briefs, and findings of fact and conclusions of law shall be accompanied by a diskette containing a copy of the document formatted in WordPerfect 6.1, 7, 8, 9 or 10 (Windows) or 8.0 (Windows).

Dated:  July 9, 2015

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

7

# EXHIBIT A

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br>         Stephen Ybarra    Deputy Clerk<br><br>----------------------------------------------------- | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br>         Stephen Ybarra    Deputy Clerk<br><br>----------------------------------------------------- | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br>         Stephen Ybarra    Deputy Clerk<br><br>------------------------------------------------------ |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br>         Stephen Ybarra    Deputy Clerk<br><br>----------------------------------------------------- | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br>         Stephen Ybarra    Deputy Clerk<br><br>----------------------------------------------------- | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br>         Stephen Ybarra    Deputy Clerk<br><br>------------------------------------------------------ |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br>         Stephen Ybarra    Deputy Clerk<br><br>----------------------------------------------------- | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br>         Stephen Ybarra    Deputy Clerk<br><br>----------------------------------------------------- | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br>         Stephen Ybarra    Deputy Clerk<br><br>------------------------------------------------------ |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br>         Stephen Ybarra    Deputy Clerk<br><br>----------------------------------------------------- | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br>         Stephen Ybarra    Deputy Clerk<br><br>----------------------------------------------------- | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br>         Stephen Ybarra    Deputy Clerk<br><br>------------------------------------------------------ |